UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Earnest E. Vaughn, Sr., | ) C/A No. 8:12-2405-TLW-BHH |
| Plaintiff, | ) |
| v. | ) Report and Recommendation |
| The State; | ) (partial summary dismissal) |
| Anderson Co. Solicitors Office; | ) |
| Ass. Solicitor Lauren Hogan; | ) |
| The Anderson Co. Sheriff's Dept.; | ) |
| Deputy CS Whitfield, and | ) |
| Deputy MW Hunnicutt, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a local detention center inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

Earnest E. Vaughn, Sr. ("Plaintiff"), a pretrial detainee from Anderson County, asserts malicious prosecution and improper search and seizure claims arising from two arrests for methamphetamine possession in Anderson County. The arrests took place on

April 1, 2011 and June 7, 2011 respectively. (ECF No. 10, Am. Compl. 2-4). At a preliminary hearing in August 2011, the charges filed following both arrests were dismissed; however, the Assistant Solicitor (Defendant Hogan) subsequently obtained a grand jury indictment against Plaintiff on the charges that arose from the June 7th arrest. *Id.*, Am. Compl. 1-2.

Plaintiff alleges that Deputy Whitfield wrongfully arrested him on April 1, 2011, and that Deputy Hunnicutt wrongfully arrested him on June 7, 2011. *Id.* According to Plaintiff, the charges from both arrests were dismissed in his favor when he went to a preliminary hearing on the them on August 1, 2011. *Id.* He further states, however, that Defendant Hogan, the Assistant County Solicitor assigned to his case, successfully obtained an indictment on the charges from the second (June 7, 2011) arrest after the preliminary hearing and had Plaintiff picked up on a bench warrant on February 9, 2012 to face the indicted charges arising from the June 7, 2011 arrest. *Id.* Accordingly, it appears to this court that the June 7 charges are currently pending against Plaintiff even though the charges arising from the April 1 arrest remain dismissed. Plaintiff ask for damages from all Defendants, alleging that his federal constitutional rights are being violated by the continued prosecution of the charges and the way the arrests and searches and seizures were conducted. The only relief that Plaintiff seeks is damages. *Id.*, Am. Compl. 5.

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Amended Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Amended Complaint filed in

this case is subject to partial summary dismissal as to all Defendants *except Deputies Whitfield and Hunicutt* under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Initially, the Amended Complaint filed in this case should be partially summarily dismissed as to Defendants Anderson County Solicitors Office and Anderson County Sheriff's Department because neither of these Defendants qualify as persons who can act under color of state law. As a result, neither of these terms may be used to name a proper defendants in a case brought under 42 U.S.C. § 1983. In order to state a claim for relief under § 1983, the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law, *see Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989), an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).

It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont

4

Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008). Because the Solicitor's Office and the Sheriff's Department both designate the *place or location* where a collective group of individuals are all employed or, perhaps, describe the collective group employed there, neither of them qualify as a "person." Instead, both terms describe a "place" or a "group," but not a person. Plaintiff's use of the terms to name Defendants fails to state a claim upon which relief may be granted against either place or group, and requires partial summary dismissal of the Amended Complaint as to these Defendants .

Moreover, to the extent the it seeks damages for alleged "unjust incarceration" from Assistant Anderson County Solicitor Lauren Hogan arising from her participation in the criminal action currently pending against Plaintiff, the Amended Complaint should be summarily dismissed because it is barred by the well-established legal doctrine of prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1-7-310. Solicitors are elected by voters of a judicial circuit and have absolute immunity for their prosecution-

related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the Solicitor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, 1995 WL 399619 (D.Ore., June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). Of particular importance in this case is the fact that it is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377(4th Cir. 1996), and whether or not to go forward with a prosecution. *See Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997).

In this case, Plaintiff faults Assistant Solicitor Hogan primarily for her actions of obtaining an indictment against him on the charges arising from the June 7, 2011 arrest and then having a bench warrant issued for his arrest. Such activities by a prosecuting attorney go directly to clearly prosecutorial decisions about when to prosecute and whether to even go forward with a prosecution. As stated above, such decisions are purely prosecutorial functions and they are absolutely immune from Plaintiff's claims. *Springmen*; *Lyles*. Accordingly, Plaintiff is not entitled to recover any damages from Defendant Hogan

based on her performance of these functions, and the Amended Complaint should be summarily dismissed insofar as it seeks such damages.

Finally, to the extent that the State of South Carolina is made a Defendant under the Amended Complaint, partial summary dismissal is required under the Eleventh Amendment to the United States Constitution. South Carolina ("the state") is immune from Plaintiff's claims in this case because the Eleventh Amendment divests this court of jurisdiction to entertain a suit for damages brought against the state or its integral parts. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 627 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Harter v. Vernon*, 101 F.3d 334, 338-39 (4th Cir. 1996).

Under *Pennhurst*, 465 U.S. at 99n. 9, a state must expressly consent to suit in a federal district court. South Carolina has not consented to suit in a federal court.

7

Section 15-78-20(e) of the South Carolina Code of Laws (Cum. Supp. 1993), is a statute in the South Carolina Tort Claims Act which expressly provides that South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a state court of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)(abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). C*f. Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court partially summarily dismiss the Amended Complaint in this case *without prejudice* as to Defendants Anderson County Sheriffs Department, Anderson County Solicitors Office, Lauren Hogan, and The State. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

The Amended Complaint should be served on Defendant-Deputies C. S. Whitfield and M. W. Hunnicutt only.

8

Plaintiff's attention is directed to the important notice on the next page.

                                                                    s/Bruce Howe Hendricks  
                                                                    United States Magistrate Judge

October 3, 2012  
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).