# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Earnest E. Vaughn, Sr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 8:12-cv-2405-RMG |
| vs. ) | |
| ) | |
| The State; Anderson Cnty. Solicitor's ) | **ORDER** |
| Office; Asst. Solicitor Lauren Hogan; ) | |
| Anderson Cnty. Sheriff's Dep't; ) | |
| Deputy CS Whitfield; and Deputy ) | |
| MW Hunnicutt, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Earnest E. Vaughn, Sr., a pretrial detainee of Anderson County, South Carolina, brings this 42 U.S.C. § 1983 action *pro se*, alleging that Defendants violated his constitutional rights by engaging in an improper search and seizure when arresting him in April, and again in June, 2011, and also by maliciously prosecuting him. (Dkt. No. 10 at 1-5). Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2), D.S.C., this matter was initially addressed by a Magistrate Judge.

## Background

Pursuant to 28 U.S.C. §§ 1915 and 1915A, the Magistrate Judge conducted an initial review of Plaintiff's Amended Complaint. On October 3, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's claims against Defendants Anderson County Sheriff's Department, Anderson County Solicitor's Office, Assistant Solicitor Lauren Hogan, and the State of South Carolina be summarily dismissed without prejudice. (Dkt. No. 21). Plaintiff subsequently filed his objections to that Report and Recommendation, arguing that his claim against

Assistant Solicitor Hogan should be allowed to proceed. (Dkt. No. 28). On January 14, 20121, this was reassigned to the undersigned. (Dkt. No. 59).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–271 (1976). The Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

In the R&R, the Magistrate Judge relied on 28 U.S.C. § 1915(e)(2)(B) to dismiss all Defendants apart from Deputies Whitfield and Hunicutt. (Dkt. No. 21 at 3-4). Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

The Magistrate Judge liberally construed the complaint, accurately summarized the law, and correctly concluded that Plaintiff's § 1983 claims as to these Defendants should be dismissed. Though Plaintiff did not specifically object to the dismissal of the Sheriff's and Solicitor's Offices of Anderson County, or the State of South Carolina, the Court has reviewed the Magistrate Judge's analysis with respect to those Defendants and agrees with it. The two offices are not "persons who can act under color of state law," (Dkt. No. 21 at 4), making them ineligible for suit under § 1983. Also, as the Magistrate Judge explained, the State of South Carolina is immune from suit here. U.S. Const. amend. XI. (*Id.* at 7-8).

Plaintiff has specifically objected to the dismissal of Defendant Assistant Solicitor Lauren Hogan. (Dkt. No. 28). The Magistrate Judge concluded that "[s]olicitors . . . have absolute immunity for their prosecution-related activities in or connected with judicial proceedings." (*Id.* at 5-6). As the Magistrate Judge explained, citing governing Fourth Circuit precedent, this immunity covers solicitors' "decisions about whether and when to prosecute, and whether or not to go forward with a prosecution." (*Id.* at 6 (citations omitted)).

In objecting, Plaintiff counters that his allegation—"that Asst. Solicitor Lauren Hogan kept records of the Plaintiff's June 7th arrest after the warrant was dismissed and an expungement order was issued for destruction of the records and obtained a direct indictment against the Plaintiff"—does not refer to conduct covered by prosecutorial immunity. (Dkt. No. 28 at 2). Plaintiff contends that, because the original charge against him was dismissed, the evidence of the circumstances surrounding his arrest should have been destroyed under S.C. Code 17-1-40. Based on that argument, he asserts that Defendant Hogan's use of the evidence to secure an indictment

against him was unlawful, rendering the indictment invalid.

Contrary to Plaintiff's argument, though, Section 17-1-40 does not require the destruction of all information pertaining to the circumstances of an arrest when a charge stemming from that arrest is dismissed. Instead, the statute requires the destruction of "the arrest and booking record, files, mug shots, and fingerprints of the person." S.C. Code § 17-1-40. The state Supreme Court recently explained that this language refers to a narrower class of information, and offered a helpful example, writing:

> Section 17-1-40(A) applies only to evidence of the record of the *charge*, including but not limited to the arrest and booking records, files, mug shots, and fingerprints. It therefore does not apply to any recordation of historical events beyond the charge itself. For example, the facts precipitating the charge are not covered by this statute because they are mere events that exist irrespective of any criminal proceedings. As applied to the instant case, the distinction drawn under section 17-1-40(A) is the distinction between 'capital-e Escape—a criminal charge—and 'lower-case-e escape'—a mere fact that a person was AWOL. Section 17-1-40(A) prohibits the retention, and by extension the dissemination, of the former; it contains no restrictions with respect to the latter.

*Compton v. S.C. Dep't of Corrs.*, 709 S.E.2d 639, 369 (S.C. 2011) (quotations marks omitted, emphasis in original). In light of § 17-1-40's circumscribed scope, Plaintiff's protestation that the evidence of the events underlying his arrest should have been destroyed is clearly misplaced. It was permissible to use that evidence as the basis for an indictment on a different charge, as Defendant Hogan did. Thus, because absolute immunity unquestioningly covers prosecutors acting in the scope of duties "intimately associated with the judicial process," such as initiating and prosecuting cases, and Defendant Hogan merely initiated a case based on evidence assembled by the police, she is protected by prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckly v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

## Conclusion

For the reasons given, the Court adopts the Magistrate Judge's Report and Recommendation in full. Plaintiff's claims against Defendants Anderson County Sheriff's Department, Anderson County Solicitor's Office, Assistant Solicitor Lauren Hogan, and the State of South Carolina are DISMISSED without prejudice. This case is referred back to the Magistrate Judge to address the remaining pending motions.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
February 5, 2013