# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Earnest Vaughn, Sr. ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 8:12-cv-2405-RMG |
| v. ) | |
| ) | |
| Deputy C.S. Whitfield; and ) | **ORDER** |
| Deputy M.W. Hunnicutt, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Earnest E. Vaughn, Sr., a pre-trial detainee of Anderson County, South Carolina, brings this 42 U.S.C. § 1983 action *pro se* alleging that Defendants violated his constitutional rights under the Fourth, Sixth, and Fourteenth Amendments by engaging in improper searches and seizures when detaining and arresting him on April 1, 2011, and again on June 7, 2011. Plaintiff also alleges deliberate indifference, misconduct in office, and gross negligence.

This matter is before the Court on the Report and Recommendation (R & R) of the Magistrate Judge recommending this Court grant Defendants' Motions for Summary Judgment as to illegal search and seizure claims, false arrest and/or malicious prosecution claims, and claims for damages against Defendants in their official capacity. (Dkt. No. 100.) The Magistrate Judge further recommends that Plaintiff's state law claims be dismissed and Plaintiff's Motion for Summary Judgment, Motion for Preliminary Injunction, Motion in Limine, and Motion to Amend Motion for Preliminary Injunction be denied. (*Id.*)

1

## Background

Plaintiff's original Complaint names as Defendants: the State of South Carolina, the Anderson County Solicitor's Office, Assistant Solicitor Lauren Hogan, the Anderson County Sheriff's Department, Deputy C.S. Whitfield, Deputy M.W. Hunnicutt, and Narcotics Detective Brad McGuire. (Dkt. No. 1.) On September 25, 2012, Plaintiff filed an Amended Complaint eliminating Brad McGuire as a named Defendant (Dkt. No. 10), and a Motion for Preliminary Injunction. (Dkt. No. 13.) By Order dated February 5, 2013, (Dkt. No. 79), this Court dismissed Plaintiff's claims against the State of South Carolina, the Anderson County Sheriff's Department, the Anderson County Solicitor's Office, and Assistant Solicitor Lauren Hogan.

Plaintiff filed his Motion for Summary Judgment (Dkt. No. 52) on January 3, 2013. Defendants filed their Response in Opposition to Plaintiff's Motion for Summary Judgment on March 5, 2013. (Dkt. No. 83). Defendants filed their Motion for Summary Judgment on March 5, 2013. (Dkt. No. 82.) Plaintiff filed seven Responses in Opposition to Defendants' Motion for Summary Judgment. (Dkt. Nos. 86, 87, 89, 92, 93, 94, 95.)

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(e) DSC, this matter was referred to a Magistrate Judge for pretrial matters. On July 30, 2013, the Magistrate Judge issued an R & R. Neither party filed objections.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1), and need not give any explanation for adopting the R & R in the absence of specific

2

objections by the parties. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)("Absent objection, we do not believe that any explanation need be given for adopting the report.").

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy of the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)(citations omitted). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." *Id.* The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Caltrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, must "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence' in support of the nonmoving party's case." *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002)(citation omitted).

Plaintiff also seeks a preliminary injunction. Preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001)(quotations omitted). In evaluating a plaintiff's request for a preliminary injunction, the Court applies the standard set forth under *Winter v. Natural Resources Defence Council*, 555

U.S. 7 (2008). Under *Winter*, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." 555 U.S. at 20 (citations omitted). A movant must meet all four of *Winter*'s requirements in order to secure a preliminary injunction. *Pashby v. Delia*, 709 F.3d 307, 320-21 (4th Cir. 2013).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where no exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012)("Although courts must liberally construe the claims of *pro se* litigants . . . [this] does not transform the court into an advocate").

## Discussion

*a. Defendant's Motion for Summary Judgment as to Search and Seizure*

This Court agrees with the Magistrate Judge that Plaintiff has failed to raise a genuine issue of material fact on his illegal search and seizure claims. Plaintiff has not put forward any evidence supporting his assertion that probable cause for the April 1, 2011 and June 7, 2011 traffic stops was lacking. Specifically, Plaintiff's unsupported legal conclusion that no traffic violation occurred on April 1, 2011, is insufficient. As the Magistrate correctly explained, the issue is not whether the alleged traffic violation actually occurred, but whether Defendant Whitfield reasonably believed that the violation occurred. *United States v. Muriel*, 418 F.3d 720, 724 (7th Cir. 2005). Plaintiff's claim that no one in the vehicle actually committed a traffic

4

offense fails to address the officer's belief at the time of the stop and whether that belief was reasonable.

Plaintiff's assertion that Defendant Hunnicutt was predisposed to stopping Plaintiff's vehicle on the June 7, 2011 stop also fails to negate probable cause. The Magistrate accurately notes that, "[a]ny ulterior motive a police officer may have for making the traffic stop is irrelevant." *United States v. Digiovanni*, 650 F.3d 498, 506 (4th Cir. 1992) (citing *Whren v. United States*, 517 U.S. 806, 813 (1996)). Under the Fourth Circuit's objective test, when a police officer observes unlawful conduct, the officer's subsequent traffic stop is reasonable for purposes of Fourth Amendment analysis regardless of any subjective motives the officer may have. *United States v. Hassan El*, 5 F.3d 726, 730-31 (4th Cir. 1993).

*b. Defendant's Motion for Summary Judgment as to False Arrest and/or Malicious Prosecution*

This Court agrees with the Magistrate that an arresting officer is not liable for false arrest where the arrest is supported by probable cause and is based upon the violation of a presumptively valid statutory provision. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). The Magistrate Judge correctly relies on *Pierson v. Ray*, 386 U.S. 547, 557 (1967), stating, "the defense of good faith and probable cause...available to the officers in the common-law action for false arrest and imprisonment, is also available to them in the action under § 1983." Plaintiff has put forward no evidence showing that the officers lacked probable cause for his arrests.

It is not clear whether a malicious prosecution claim is cognizable under Section 1983. *See Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009). However, even if such a claim exists, Plaintiff must first show an unreasonable seizure and then a favorable termination of the criminal proceeding flowing from the seizure. *Id.*; *Lambert v. Williams*, 223 F.3d 257, 261-62

(4th Cir. 2000). As stated above, Plaintiff has failed to put forward evidence that his seizure was unreasonable. Additionally, the charges against Plaintiff were ended by *nolle prosequi*, leaving both elements unsatisfied.

*c. Defendant's Motion for Summary Judgment on Damages Claims against Defendants in their Official Capacity*

As the Magistrate Judge correctly held, Defendants are entitled to Eleventh Amendment immunity for Plaintiff's claims for monetary damages against them in their official capacity, and these claims are DISMISSED.

*d. Plaintiff's Motion for Preliminary Injunction and Motion to Amend Preliminary Injunction*

As the Magistrate accurately noted, Plaintiff's criminal charges have been dismissed and Plaintiff has been released from custody so the relief sought by Plaintiff is no longer available. Thus, Plaintiff's Motion for Preliminary Injunction and Motion to Amend Preliminary Injunction are both DENIED as moot.

*e. Plaintiff's Motion in Limine*

Plaintiff's request to suppress all evidence claimed to have been seized from the Plaintiff by Defendants C.S. Whitfield and M. W. Honeycutt argues that the evidence is "fruit of the poisonous tree." (Dkt. No. 69.) This Court agrees with the Magistrate that Plaintiff's reliance on criminal rules of evidence in this action is misplaced. Thus, his motion in limine is DENIED.

## Conclusion

For the reasons given above, the Court adopts the Magistrate Judge's Report and Recommendation in full. Accordingly, Plaintiff's Motion for Summary Judgment is DENIED, Defendants' Motion for Summary Judgment is GRANTED, and Plaintiff's claims made pursuant

42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE. Plaintiff's Motion for Preliminary Injunction, Motion to Amend Motion for Preliminary Injunction, and Motion in Limine are DENIED. Furthermore, the Court declines to exercise its supplemental jurisdiction over any remaining state causes of action pursuant to 28 U.S.C. § 1367(c)(3) and such claims are DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 10, 2013
Charleston, South Carolina